# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **LOREN ANDREW WILLCOCK,** | : |
| | : |
|     Plaintiff/Consolidated Defendant | : |
|     and Counter Claimant, | : |
| | :    CIVIL NO.: PWG-16-4020 |
| v. | : |
| | : |
| **MY GOODNESS! GAMES, INC.,** | : |
| | : |
|     Defendant/Consolidated Plaintiff | : |
|     and Counter Defendant. | : |

…o0o…

## MEMORANDUM OPINION AND ORDER

Loren Andrew Willcock entered into three separate agreements with My Goodness! Games, Inc., a mobile entertainment company also known as Games2U and Games2U Entertainment ("Games"), to operate franchises in Maryland and Virginia. Compl., ECF No. 2. Things did not go well between the parties, Willcock filed suit in this Court, Games filed a demand for arbitration in Texas, and Games filed suit for a preliminary injunction in the United States District Court for the Western District of Texas, which granted a temporary restraining order and thereafter a preliminary injunction against Willcock. The federal cases were consolidated, and now pending is Games's motion to dismiss this litigation in favor of arbitration, ECF No. 39, which the parties fully briefed, ECF No. 40, 41. A hearing is not necessary. *See* Loc. R. 105.6. Games clearly seeks to compel arbitration while the preliminary injunction remains in effect. All claims are subject to arbitration, but this Court cannot compel arbitration in Texas, and the preliminary injunction cannot survive dismissal of this case. Therefore, I will transfer this case to the Western District of Texas for that court to compel arbitration of all claims.

## Background

The parties signed three franchise agreements between December 3, 2008 and March 20, 2012; by October 28, 2016, Willcock believed that Games had breached all three, and he filed a Complaint for Rescission against Games in the Circuit Court for Calvert County, Maryland. Compl.; Not. of Removal, ECF No. 1-3. He seeks rescission of all three contracts, as well as damages in the amount he has paid under the contracts, plus interests, costs and fees. Compl. 3. Games removed to this Court on December 21, 2016. Not. of Removal.

Meanwhile, pursuant to an arbitration provision included in the agreements, Games filed a demand for arbitration before the American Arbitration Association in Austin, Texas ("Arbitration in Texas"), "alleg[ing] claims for breach of contract (including breach of a non-compete provision), federal trademark infringement, federal statutory unfair competition, common law trademark infringement, and common law unfair competition." Arb. Dec. 1–2, ECF No. 39-1. And, Games filed a Verified Complaint for Preliminary Injunction against Willcock in the United States District Court for the Western District of Texas on or about November 9, 2016. ECF No. 1 in PWG-17-293. Games alleged that it received notice from Willcock "of his intention to abandon his franchises in violation of the express terms parties' agreements," after which it terminated the agreements. It claimed that the termination obligated Willcock to "cease his use of Plaintiff's trademarks, turn over Plaintiff's confidential operating material, pay all amounts due under the franchise agreements, and not compete within a fifty-mile radius of his assigned territory or that of any other of Plaintiff's franchisees," but Willcock refused to comply. *Id.* ¶ 1. Games claimed breach of the franchise agreements, statutory trademark infringement, statutory false designation of origin and unfair competition, common

2

law trademark infringement, and common law unfair competition, and it sought preliminary injunctive relief. *Id.* ¶¶ 60–95.

The Texas court granted a temporary restraining order, ordering that Willcock;

> all of his officers, agents, servants, employees, and attorney; and all those acting in concert or participation therewith shall immediately cease and desist and are thereafter enjoined and restrained from:
>
> a. directly or indirectly, for himself, or through, on behalf of, or in conjunction with any person, persons, partnership, or corporation, from owning, maintaining, advising, helping, investing in, making loans to, being employed by, engaging in, or having an interest in any business specializing in whole or in part, in the activities conducted by Games2U franchisee, within a fifty-mile radius of the Annapolis-Davidsonville, Tyson's Corner and Rockville/Potomac locations covered by the Franchise Agreements and within a fifty-mile radius of any business using the Games2U System or Proprietary Marks, whether franchised or owned by Games2U or any subsidiary or affiliated company;
>
> b. directly or indirectly using the phrase GAMES2U or any term confusingly similar to any one or more of the GAMES2U Marks in connection with the operation, sale, promotion, or advertising of any mobile entertainment business;
>
> c. otherwise continuing to infringe upon Games2U's GAMES2U Marks;
>
> d. using in connection with any products or services, any false or deceptive designation or description, whether by words or other symbols or representations, which suggests or implies any relationship with Games2U or Games2U's products and services;
>
> e. unlawfully trading upon and appropriating the goodwill and business reputation of Games2U or Games2U's products and services;
>
> f. engaging in any acts of unfair competition against Games2U or Games2U's products and services; [or]
>
> g. conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the aforesaid acts[.]

ECF No. 14 in PWG-17-293. The court then granted a preliminary injunction, continuing the temporary restraining order "in full force and effect as a Preliminary Injunction to be in effect during the pendency of this case." Prelim. Inj., ECF No. 27-14.

The parties moved to consolidate the Texas case with the case before me, and the Texas court granted their joint motion, transferring the case to this Court. ECF Nos. 34, 35 in PWG-

17-293. I granted the parties' request to consolidate the cases as Civil Action No. PWG-16-4020. ECF No. 21.

I issued a Consent Order Staying Arbitration on February 15, 2017, which stayed the Arbitration in Texas, pending my ruling on the motion to compel arbitration that Games intended to file. ECF No. 26. Thereafter, Games filed a motion to compel the Arbitration in Texas, to stay this litigation in the interim, and to modify the preliminary injunction imposed by the Western District of Texas, ECF No. 27, and Willcock filed a Motion to Stay Arbitration, ECF No. 29. I found that "the Franchise Agreements unmistakably delegate resolution of the gateway question of whether the disputes between the two Parties are subject to arbitration," and accordingly, I "stay[ed] the action pending a decision by the arbitrator on the arbitrability of the claims" on June 12, 2017. Mem. Op. & Order, ECF No. 33. I also ordered that "[t]he preliminary injunction issued by the United States District Court for the Western District of Texas, ECF No. 27-14, shall remain in full force and effect pending further order in connection with the arbitration." *Id*. at 8.

On November 17, 2007, the American Arbitration Association issued a Decision Regarding Arbitrability. Arb. Dec., ECF No. 39-1. The arbitrator concluded that "the relevant contractual provisions require arbitration of all claims and compulsory counterclaims between the parties except for any that may be brought by Willcock under the Maryland Franchise Registration and Disclosure Law (Maryland Code, Business Regulation §§ 14-201 *et seq.*) and related administrative regulations (collectively, the Maryland Franchise Law)." *Id.* at 1. The arbitrator noted that "Willcock has not asserted any such claim or counterclaim" under the exception to arbitration. *Id.* at 7. The arbitrator also noted that the arbitration provision permitted Games to file suit for a preliminary injunction, as it did in federal court, and that

4

"Willcock does not assert that by pursuing temporary and preliminary injunctive relief in court, [Games] waived any right to arbitration." Arb. Dec. 2 n.1.

## Standard of Review

This Court has considered motions to dismiss in favor of arbitration under Rules 12(b)(1), (3), and (6). *See Garrett v. Monterey Fin. Servs., LLC*, No. JKB-18-325, 2018 WL 3579856, at *2 (D. Md. July 25, 2018) ("[M]otions to dismiss in connection with a valid arbitration agreement are often brought under Rule 12(b)(6) based on the observation that the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction. [citation omitted]. . . However, courts have also found it proper to dismiss claims subject to arbitration agreements under Rule 12(b)(1)." (citing, e.g., *Jensen v. Klayman*, 115 F. App'x 634, 634-35 (4th Cir. 2004); *Muigai v. IMC Constr., Inc.*, No. PJM-10-1119, 2011 WL 1743287, at *2-5 (D. Md. 2011))); *Lomax v. Weinstock, Friedman & Friedman, P.A*, No. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014), *aff'd sub nom. Lomax v. Weinstock, Friedman & Friedman, P.A.*, 583 F. App'x 100 (4th Cir. 2014) ("Courts have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6)."); *Enter. Info. Mgmt., Inc. v. SuperLetter.com, Inc.*, No. DKC 13-2131, 2013 WL 5964563, at *3 (D. Md. Nov. 7, 2013) (noting that, "[a]lthough no Federal Rule of Civil Procedure expressly addresses motions to dismiss or stay pending arbitration, the United States Supreme Court has described arbitration clauses as 'a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute" and that the Fourth Circuit has "held that a motion to dismiss based on a forum-selection clause," including an arbitration provision, "should be treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3)" (quoting *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 519 (1974);

citing *Aggarao v. MOL Ship Mgmt. Co.,* 675 F.3d 355, 365–66 & n.9 (4th Cir. 2012); *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 550 (4th Cir. 2006))).

Notably, while Games titled its motion only as a "Motion to Dismiss" and did not renew its previous motion to compel arbitration, it is arguing for dismissal "in favor of the AAA arbitration captioned *My Goodness! Games, Inc. v. Lauren Andrew Wilcock [sic]*, Case No. 01-16-004-8766, currently pending in Austin Texas." Def.'s Mot. & Mem. 5. Thus it clearly seeks an order compelling arbitration, and I will treat the motion as such. *See Burrell v. 911 Restoration Franchise Inc.*, No. JKB-17-2278, 2017 WL 5517383, at *2 n.3 (D. Md. Nov. 17, 2017) ("It is fairly common practice to treat a motion to dismiss pursuant to Rule 12(b)(6) as a motion to compel arbitration when the motion clearly seeks to compel arbitration . . . Defendant here moved to dismiss in favor of arbitration . . . and . . . did not explicitly seek to compel arbitration. The court notes, however, that Defendant claims to have filed a demand for arbitration with the American Arbitration Association . . . and therefore has evinced a desire to arbitrate these claims. The Court reads Defendants' motion as implicitly seeking to compel arbitration."), *appeal dismissed,* No. 18-1055, 2018 WL 3694925 (4th Cir. Aug. 3, 2018). "The standard of review on a Motion to Compel Arbitration pursuant to the FAA is akin to the burden on summary judgment." *Id.* at *3.

Regardless which rule or standard applies, the Court may consider the arbitration agreement, which is integral to the complaint and the authenticity of which is undisputed, as well as the Arbitration Decision, in addressing Games's motion. *See CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) "Under [Rule 12(b)(6)], the Fourth Circuit has held that courts may consider the complaint itself and any documents that are attached to it," as well as any "document that the defendant attaches to its motion to dismiss if the document

was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." (citations omitted)); *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013) (same); *Philogene v. Data Networks, Inc.*, No. PWG-17-1318, 2018 WL 1014929, at *3 (D. Md. Feb. 21, 2018), *aff'd,* 728 F. App'x 214 (4th Cir. 2018) ("In considering [a Rule 12(b)(1)] motion, 'the Court may . . . consider matters beyond the allegations in the complaint' [if] Defendant asserts that 'the jurisdictional allegations in the complaint are not true.'" (quoting *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010))); *Enter. Info. Mgmt., Inc.*, 2013 WL 5964563, at *3 ("Under Rule 12(b)(3), 'a court is free to look at matters outside of the pleadings, however, the court still must draw all reasonable inferences in the light most favorable to the plaintiff.'" (quoting *Costar Realty Information, Inc. v. Field,* 612 F. Supp. 2d 660, 672 (D. Md. 2009))); Fed. R. Civ. P. 10(c), 56(c)(1); Fed. R. Evid. 201(b). And, under Rule 12(b)(1), (3), or (6) or Rule 56(a), it is evident that all of the parties' disputes are subject to arbitration.

## Discussion

Games argues that the action in this Court (including its own claims) should be dismissed in its entirety, in light of the Decision Regarding Arbitration. Def.'s Mot. & Mem. 1–2; *see* Def.'s Reply 3. Yet it also contends (without citing any authority) that this Court can "enter a judgment dismissing this action subject to continuation of the preliminary injunction pending further ruling by the AAA." Def.s' Reply 4 n.3.

Willcock acknowledges that the arbitrator ruled that "the parties' claims are subject to arbitration," but argues against dismissal nonetheless. Pl.'s Opp'n 1–2. He insists that dismissal would result in an "awkward" and "unworkable" posture because Games's claims for damages are subject to arbitration, while its preliminary injunction is not, such that some but not all claims

7

would proceed in arbitration. *Id.* On that basis, Willcock, who contends that "dismissal is not mandatory," asks the Court to stay this case instead of dismissing it. *Id.* at 2–3. But, the arbitrator ruled that all of the claims that the parties have brought are subject to arbitration, Arb. Dec. 1, 7, and Games, noting that the two federal actions have been consolidated into this one case, asserts that it "seeks complete dismissal of it," Def.'s Reply 3. Thus, although dismissal would affect the preliminary injunction, as discussed below, there is no concern that granting Games's motion would subject some claims to arbitration while others remained in this Court.

If an issue is "referable to arbitration under an agreement in writing for such arbitration," then a stay is mandatory and a motion to compel must be granted. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting 9 U.S.C. § 3). Indeed, Congress enacted the FAA "to promote the enforceability of arbitration agreements . . . .'" *Saturn Distrib. Corp. v. Williams*, 905 F.2d 719, 722 (4th Cir. 1990) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985) (quoting H.R. Rep. No. 96, 68th Cong., 1st Sess. 2 (1924) (quotation marks omitted))). It "reflects 'a liberal federal policy favoring arbitration agreements.'" *Adkins*, 303 F.3d at 500 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)). "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001); *see Kabba v. Ctr.*, No. PWG-17-211, 2017 WL 1508829, at *2 (D. Md. Apr. 27, 2017) (same), *aff'd sub nom. Kabba v. Rent-A-Ctr., Inc.*, 730 F. App'x 141 (4th Cir. 2018).

Certainly, the Fourth Circuit has observed that "[t]here may be some tension between [its earlier] decision in *Hooters* [*of America v. Phillips*, 173 F.3d 933 (4th Cir. 1999)]—indicating that a stay is required when the arbitration agreement 'covers the matter in dispute'—and *Choice*

*Hotels*— approving dismissal 'when all of the issues presented ... are arbitrable.'" *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 (4th Cir. 2012) (declining to resolve dispute). Yet, this Court has noted that, despite the "disagreement within the Fourth Circuit as to if dismissal is appropriate, . . . district courts within the Fourth Circuit have continued to find dismissal appropriate." *Taylor v. Santander Consumer USA, Inc.*, No. DKC 15-0442, 2015 WL 5178018, at *7 (D. Md. Sept. 3, 2015) (dismissing case where all issues were arbitrable), *appeal dismissed* (Apr. 22, 2016); *see, e.g.*, *Garrett v. Monterey Fin. Servs., LLC*, No. JKB-18-325, 2018 WL 3579856, at *4 (D. Md. July 25, 2018) ("The FAA requires a district court to stay judicial proceedings involving issues covered by arbitration agreements. 9 U.S.C. § 3. Dismissal is also a proper remedy under the circumstances. *See Choice Hotels* . . . . Therefore, as requested by Monterey, the Court shall compel arbitration of all matters raised in the Complaint and dismiss all causes of action."); *Bracey v. Lancaster Foods, LLC*, No. RDB-17-1826, 2018 WL 1570239, at *7 (D. Md. Mar. 30, 2018) ("Having determined that Bracey is bound by the Arbitration Agreement, the appropriate remedy is dismissal of his claims." (citing *Choice Hotels*)); *Washington v. Lennar Corp.*, No. TDC-17-0079, 2018 WL 722418, at *3 (D. Md. Feb. 5, 2018) ("While the FAA further requires only that this Court stay the proceedings pending that arbitration, 'dismissal is proper when all of the issues presented in a lawsuit are arbitrable.' *Choice Hotels* . . . . Here, all of Washington's claims against Lennar are within the scope of the parties' arbitration clause. The Court will thus dismiss Washington's claims."). Thus, while it is appropriate to stay a case pending an arbitration decision in lieu of dismissing it when fewer than all claims are subject to arbitration, here, all claims are subject to arbitration. For that reason, compelling arbitration and dismissing the case is appropriate. *See Choice Hotels*, 252 F.3d at

709–10; *Garrett*, 2018 WL 3579856, at *4; *Bracey*, 2018 WL 1570239, at *7; *Washington*, 2018 WL 722418, at *3; *Taylor*, 2015 WL 5178018, at *7.

But, this Court cannot compel arbitration in Texas, as Section 4 of the FAA, 9 U.S.C. § 4, "has been interpreted to mean that a federal district court may *not* compel arbitration outside its own district." *Enter. Info. Mgmt., Inc. v. SuperLetter.com, Inc.*, No. DKC-13-2131, 2013 WL 5964563, at *9 (D. Md. Nov. 7, 2013) (citing *M.C. Const., Corp. v. Gray Co.*, 17 F. Supp. 2d 541, 548 (W.D. Va. 1998)); *see also Sykes v. CBS Radio, Inc. of Md.*, No. 11-2178-AW, 2011 WL 5455924, at *5 (D. Md. Nov. 9, 2011) ("The emerging position within the Fourth Circuit is that the Federal Arbitration Act does not permit district courts to compel arbitration in other jurisdictions. *See Indep. Receivables Corp. v. Precision Recovery Analytics, Inc.,* 754 F. Supp. 2d 782, 786 (D. Md. 2010) (transferring action to the U.S. District Court for the Western District of Texas)."). This Court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. Accordingly, I will transfer this case back to the United States District Court for the Western District of Texas, where Games originally filed suit, so that the Texas court may compel arbitration and dismiss the case.[1]

---

[1] I note that Games seeks, as part of the dismissal order, the "entry of an order tha[t] the preliminary injunction entered into . . . by the Texas federal court remain in place pending further ruling in the parties' pending arbitration." Def.'s Reply 4. It insists that the existing preliminary injunction may remain in effect "pending further ruling by the AAA." *Id.* at 4 n.3. But it does not provide any supporting authority, and "[a] preliminary injunction *remains in effect until* a final judgment is rendered or *the complaint is dismissed*,[] unless it expires earlier by its own terms, or is modified, stayed, or reversed." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2947 (3d ed.) (emphasis added); *see also Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) ("A preliminary injunction cannot survive the dismissal of a complaint."); *Cypress Barn, Inc. v. Western Electric Co.,* 812 F.2d 1363, 1364 (11th Cir.1987) ("Since a preliminary injunction is interlocutory in nature, it cannot survive a final order of dismissal."); *Madison*

**ORDER**

It is, this 20th day of August, 2018, hereby ORDERED that

1. The Motion to Dismiss that My Goodness! Games, Inc. filed, ECF No. 39, IS DENIED without prejudice to renewal;

2. The case IS TRANSFERRED to the United States District Court for the Western District of Texas; and

3. The Clerk SHALL CLOSE Case Nos. PWG-16-4020 and PWG-17-293.

_____/s/_____
Paul W. Grimm
United States District Judge

lyb

---

*Square Garden Boxing, Inc. v. Shavers,* 562 F.2d 141, 144 (2d Cir. 1977) ("With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on any one."). Thus, while I could dismiss the case, doing so would terminate the preliminary injunction, contrary to Games's intent in moving to dismiss. And, if I were to stay the case to keep the preliminary injunction in effect until rendered moot by the arbitrator's rulings (as the Texas court well may choose to do), this Court (unlike the Texas court) could not compel arbitration of the remaining claims. Therefore, transfer is the proper outcome of Games's motion.